[See Case No. 5,253.]

## Case No. 13,130.

SMITH v. WOODWORTH et al.

[4 Dill. 584.] 2

Circuit Court, D. Iowa. 1877.

DOWER—ADULTERY—DIVORCE—ST. WESTM. II. (13 EDW. I. CH. 34.)

1. The statute of Westminster II. (13 Edw. I. c. 34), making adulterous elopement of the wife a bar to dower, is not in force in Iowa, being inconsistent with the legislation of the state in relation to the descent of property, dower, and adultery.

2. The special verbal contract between the wife and husband, set out in the plea, in respect to release of dower, held, on demurrer, not to bar her action for dower, or the statutory substitute therefor.

The plaintiff [Sarah A. Smith] claims to be the widow of W. K. Smith, who died in Iowa, without issue, in 1872, leaving real and personal property, which he devised and bequeathed to others. This is an action originally brought, in 1873, in the circuit court of the state, claiming, under the statutes of Iowa, her share, as such widow, in the property of the said Smith. The defendants [W. C. Woodworth, executor, and others] insisted that the rights given the plaintiff in the real estate were in the nature of dower, being the statutory substitute therefor, and that

---

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

such rights were to be governed by the rules of law applicable to the estate in dower. The suit was removed to this court under the act of congress in that behalf. The marriage, seizin, and death are admitted. The defendants—the executor, devisees, and legatee of the husband—plead in bar as follows: 1. A decree of divorce, granted at the instance of the plaintiff, to which there is a replication, setting up that said decree was obtained by the procurement of the husband, without the knowledge or consent of the wife (the present plaintiff), and averring that she never knew of the divorce proceeding or decree until after his death. This decree was granted in Illinois, in 1860, the parties being then domiciled in that state. No question is made upon the sufficiency of the replication. 2. The defendants plead specially in bar the following: "That, on or about the 1st day of July, 1859, the plaintiff, being then the wife of said William K. Smith, did, of her own consent, leave the house and home of the decedent, and thereafter lived separate and apart from said William K. Smith, deceased, until his decease, in about the year 1872. Defendants aver that. within that period, without the consent of her said husband, the plaintiff committed many acts of adultery with persons unknown; and did, in particular, reside with and commit frequent adultery with one Freeman Miller; and did reside with for a long time, and hold adulterous intercourse with, one Charles Clinton; thereby forfeiting her right of dower, maintenance, and allowance as a wife. Defendants aver that at no time after the adulterous intercourse of plaintiff with him, the said Freeman Miller, and him, the said Clinton, and others, was the deceased. William K. Smith, reconciled to the plaintiff." 3. The defendants plead specially in bar the following: "That, sometime in the year 1860, in the county of Fulton, Illinois, the plaintiff had been guilty, during the existence of the marriage relation, of the crime of adultery, without the consent of her husband, the deceased William K. Smith, and the same had been discovered by said deceased; and thereupon, and shortly thereafter, the said plaintiff and said deceased. intending a final separation, and having been lawfully divorced, and the said parties agreeing to a separation for life, they contracted and agreed upon a sum of three hundred dollars to be paid plaintiff by deceased, in lieu of, and full satisfaction of, plaintiff's right of dower, support, and allowance, and all interest in and to any property the deceased had or might have. Defendants aver that said settlement was had, and payment of said money was made to plaintiff, in good faith, and without oppression; that it was fair and reasonable in all its parts, and was accepted by plaintiff in full of the rights now again demanded. Defendants also aver that decedent at that time had but little property, and the said sum of money constituted a very con-

siderable portion of his estate; the said sum was all, and more, than plaintiff was legally or equitably entitled to." To the second and third pleas above, the plaintiff demurred, for insufficiency in law to bar her right of dower.

In relation to the second plea above, viz., the plea of adultery, the following legislation of the state of Iowa has a bearing upon the subject: In 1853 (see Revision 1860, § 2477), it was enacted that "one-third in value of all real estate in which the husband at any time during the marriage had a legal or equitable interest, and to which the wife has made no relinquishment of her rights, shall be set apart as her property, in dower, upon the death of the husband, if she survive him; said estate in dower to be and remain as at common law." In 1862 (Laws 1862, p. 173), the above provision of 1853 was repealed, and the following substituted therefor: "One-third in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, to which the wife has made no relinquishment of her right, shall, under direction of the court, be set apart by the executor, administrator, or heir, as her property in fee simple. on the death of the husband, if she survive him." "The above provision, in relation to the widow of a deceased husband, shall be applicable to the husband of a deceased wife. Each is entitled to the same right of dower in the estate of the other; and the like interest shall in the same manner descend to their respective heirs. The estate by courtesy is hereby abolished." This statute, among other changes, drops the word "dower," and substitutes the words, "as her property in fee simple," and omits the clause in the act of 1853, "said estate in dower to be and remain as at common law." The act of 1862 was the law in force when Smith died, in 1872. Under the legislation of Iowa, the dower right is relinquished by executing a conveyance, or by relinquishing it in a conveyance, in the execution of which she joins with her husband. Revision 1860, §§ 2215, 2255. Divorces from the bonds of matrimony may be decreed at the instance of the injured party. for the adultery of either the husband or wife, committed subsequent to the marriage. Id. §§ 2534, 2536. And "the court. when a divorce is decreed, may make such order, in relation to the property of the parties and the maintenance of the wife, as shall be right and proper." Id. § 2537. Adultery may be punished criminally, but only on the complaint of the injured husband or wife. Id. § 4347. The legislation of Iowa is silent as to the effect of the adultery of the husband or wife upon the property rights of either, or upon the right to dower. The common law of England. wherever applicable to our condition, and not inconsistent with the legislation of the state, prevails in Iowa; so held in a case relating to dower, by the

supreme court of the state. O'Ferrall v. Simplot, 4 Iowa, 381.

H. C. Henderson, for plaintiff.
H. E. J. Boardman and W. M. Stone, for defendants.

DILLON, Circuit Judge. In respect to the second special defence to the action, I am of opinion that the statute of Westm. II. (13 Edw. I. c. 34), upon which that defence is based, and which is: "If a wife willingly leave her husband, and go away, and continue with the adulterer, she shall be barred forever of action to demand her dower that she ought to have of her husband's lands, if she be convict thereupon, except that her husband, willingly, and without coercion of the church, reconcile her, and suffer her to dwell with him; in which case she shall be restored to her action"—never having been expressly adopted in Iowa, is not in force therein, nor is it part of the law of the state. The ground of this conclusion is that its provisions are inconsistent with the legislation of the state on the subject of dower, or the widow's right in the estate of her husband, and the mode in which such right may be barred or relinquished, and with the statutory provisions in respect to divorce on the ground of adultery. The reasons which support this conclusion, under similar legislation, are so forcibly stated by the supreme judicial court of Massachusetts, in Lakin v. Lakin, 2 Allen, 45, that I content myself with a reference to that case, and to Bryan v. Batcheller, 6 R. I. 543, and Lecompte v. Wash, 9 Mo. 551, without here setting forth the arguments upon which they rest. This conclusion concedes that the fee simple provision for the widow made by the act of 1862, which is a substitute for dower, is governed by the same principles as to forfeiture that apply to the right or estate in dower; but the point need not be decided, for the concession is the view most favorable to the defendants. Under the act of 1862, the rights of husband and wife in the estate of the other are reciprocal and the same; and it would hardly be contended that the statute of Westminster would apply to deprive the husband, who had committed adultery, of his right to one-third of the estate of his wife.

As respects the third special defence, I am of opinion that the verbal transaction therein set forth does not amount to a relinquishment, or legal bar, to dower or the widow's right; and, in view of the allegation that there had been a valid divorce, which, of itself, would be a bar to dower, and the prospective nature of the alleged release, this transaction is not of such a nature, whatever might be its effect in equity, as to amount to a bar to this suit. See McKee v. Reynolds, 26 Iowa, 578, and cases cited. Both pleas are insufficient. Demurrer sustained.